DECIDED JANUARY 22, 2013.

*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar*, for State Bar of Georgia.

S13Y0146, S13Y0147, S13Y0148, S13Y0149, S13Y0150. IN THE MATTER OF BENJAMIN CHRISTOPHER FREE (five cases).
(737 SE2d 690)

PER CURIAM.

These disciplinary matters are before the Court on five Notices of Discipline seeking the disbarment of Benjamin Christopher Free (State Bar No. 275160). The State Bar served Free personally, but Free failed to file any Notices of Rejection. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). Free, who became a member of the Bar in 1995, is currently under an order of interim suspension for his failure to respond to a Notice of Investigation in another matter. See *In the Matter of Free*, S13Y0306 (Nov. 19, 2012) (order).

The facts, as deemed admitted by virtue of Free's default, show that Free abandoned the legal matters of five clients, including dismissing two actions without prejudice and without notifying his clients. He repeatedly failed to respond to his clients' inquiries and misrepresented his actions when he did communicate with them. One client obtained a fee arbitration award that Free has failed to pay. Additionally, Free failed to file sworn responses to the Notices of Investigation, as required by Bar Rule 4-204.3, and in the unsworn responses he did file, he lied or misrepresented the facts regarding the status of several of his clients' legal matters.

Based on these facts, the Investigative Panel found probable cause to believe that Free violated Rules 1.2, 1.3, 1.4, 1.5, 1.16, 3.2, 8.1, and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, and 8.1 is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5, 1.16, 3.2, and 9.3 is a public reprimand. In aggravation of discipline, the Investigative Panel found that Free acted willfully and dishonestly in multiple cases and that he received a Review Panel reprimand in 2011 for conduct similar to the conduct in these matters. See *In the Matter of Free*, 290 Ga. 75 (717 SE2d 480) (2011).

Having reviewed the records in these cases, we agree that disbarment is the appropriate sanction. Therefore, it is hereby ordered

that the name of Benjamin Christopher Free be removed from the rolls of persons authorized to practice law in the State of Georgia. Free is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 22, 2013.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

### S13Y0235. IN THE MATTER OF BENJAMIN LANIER BAGWELL.
(737 SE2d 690)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel, recommending that the Court accept the petition for reinstatement filed by Benjamin Lanier Bagwell (State Bar No. 031480).

On February 8, 2010, this Court accepted Bagwell's petition for voluntary discipline, suspended Bagwell for two years, and reminded him of his duties under Bar Rule 4-219 (c). *In the Matter of Bagwell*, 286 Ga. 511 (689 SE2d 316) (2010). Bagwell's reinstatement was conditioned on him "providing to the Review Panel certification from a board certified psychiatrist that he is fit to practice law and is mentally competent, and upon the Review Panel's finding that he is not impaired within the meaning of Bar Rule 4-104 and that he is fit and mentally competent to return to the practice of law." Id. at 511-512.

Bagwell's petition for reinstatement included letters from the board-certified psychiatrist who had been treating him continuously since May 2010. These letters indicate that Bagwell has been compliant with psychotherapy and medication, his symptoms have been in remission for over a year, and that he is currently fit to practice law. The Review Panel relied on the psychiatrist's letters and the lack of objection from Bar Counsel and found that Bagwell was not impaired within the meaning of Rule 4-104 and that he is fit and mentally competent to return to the practice of law. It thus found that Bagwell satisfied the conditions for readmission and recommended that this Court grant the petition.

Having reviewed the record, the Court agrees that Bagwell has met the conditions imposed for reinstatement. Accordingly, this